McCOOL *v.* STATE

No. 40949 November 10, 1958 106 So. 2d 140

*Smith, O'Hara & Smith,* Cleveland, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Harvey McCool, the appellant, was convicted of burglary and grand larceny and sentenced to the state penitentiary for a term of eighteen months. He was jointly indicted with Bobby Eugene Jones. He was granted a severance and tried separately.

On this appeal he contends first that the evidence is insufficient to support a conviction; and second, that the

district attorney, in his closing argument, made remarks of such character and nature as entitled him to a reversal and a new trial. Under the first contention, in addition to the insufficiency of the evidence to convict him, he specifically urges that he had permission to possess the personal property and second, that the taking of the property was an effort to play a "prank" upon the owners thereof.

The testimony of the State justified the jury in believing these to be the facts:

On the night of November 19, 1957, Mr. and Mrs. C. S. White were conducting and operating a business establishment in Rosedale, Mississippi. They sold bus tickets, cigarettes, candy, etc., and served meals at this building. Mr. White was an official and did not spend much time at the place of business. Mrs. White conducted a beauty parlor, and she went on duty at the bus station about 5 o'clock in the afternoon. Mrs. White had a daughter, Nancy, 17 years of age who was the stepdaughter of Mr. White. She worked at this place of business and, in fact, had charge of it after Mrs. White went off duty sometime in the early part of the night until the business was closed, which was at 10 or 11 o'clock at night.

Appellant frequently went to this place and assisted Nancy in preparation and serving of meals as well as cleaning up the place at the time of closing.

Appellant and Jones were close friends. On the night in question they went to this place of business where they remained a while and then they, together with Nancy, left in an automobile to go to Lake Beulah.

Buddy White and Ray Knight each owned a pistol. On Sunday night before the Tuesday night in question, they had left these pistols in the care and charge of Mr. C. S. White. He had placed the pistols in the bus station. Appellant knew the pistols were in the station. When the three parties started to Lake Beulah, they obtained the pistols from a shelf in the bus station and

carried them to Lake Beulah. There is some testimony that Nancy gave her permission for that to be done. The parties were gone some two hours. On their return the pistols were again deposited in the bus station-cafe building. Before they were ready to leave for the night, Jones and the appellant obtained the keys to the building, unlocked the back door and went out to the back of the building. There they agreed and plotted to steal the pistols. After Nancy left for her home nearby, these two parties got in an automobile and drove around for a few minutes. They then drove back to the cafe-bus station and Jones waited in the automobile while appellant went to the rear of the building, opened the door, which had not been relocked, obtained the two pistols and joined Jones in his automobile. They agreed that they would deny any knowledge of the whereabouts of the pistols. They then drove to the farm of Mr. Vance Davis and hid the pistols in a vacant building on Mr. Davis' farm. After discovery the next day by Mr. C. S. White that the pistols were missing from the bus station-cafe building, Jones carried the officials to the Davis farm and the pistols were found in the vacant building as testified to by Jones and admitted in a confession by appellant.

Appellant made a written confession to officers Conner and Caffey. That confession was naturally very helpful to the jury in trying to determine the facts as to this appellant. We now quote that confession:

### "VOLUNTARY STATEMENT

THE STATE OF MISSISSIPPI
COUNTY OF BOLIVAR
CITY OF ROSEDALE

Date: Nov. 21/57

TO WHOM IT MAY CONCERN:

After I have been duly warned by Ray Caffey and E. H. Connor that I don't have to make any statement at all and that any statement I make may be used in evidence

against me on the trial for the offense concerning which this statement is herein made, I wish to make the following voluntary statement to the aforesaid person:

My name is Harvey Augusta McCool. My address is Rosedale, RFD Box 17. I am 21 years old. On Tuesday night, Nov. the 19, 1957 me and Bobby Jones was at the bus station, just loafing around. We saw two pistols. We stayed there a while. We decided we would go to Beulah. We ask Nancy Turner to go to Beulah with us. We ask Nancy about taking the guns with us. She said she didn't care. We got the guns. We then went to Beulah. When we got back we put the guns up. We stayed around a while. Me and Boby went outside and disided we wanted the guns. So we left the back open so we could get in later. Nancy closed up, and we all left. Me and Boby went and got his car. We went back to the bus station and went in the back door and got the two pistols. I went in, Boby stayed on the outside. We took the guns out on Mr. Vance Davis place and hid them. We went home. Then Wednesday night about 6:30 or 7 o'clock Mr. Connor picked me up. We just took them.

/s/ HARVEY McCOOL

Signed by Arrested Party

WITNESS: E. H. Conner
Rosedale, Miss.

WITNESS: Ray Caffey
Rosedale, Miss."

Appellant admitted signing the statement the day following the burglary, and he admitted the accuracy of most of the pertinent parts of the facts. He denied some of the pertinent facts. The officer who took the statement testified that it was correct and accurate as given him by appellant and that it was made freely and voluntarily.

It is clear, we think, without detailing the evidence further, that from what has been said, the testimony was entirely sufficient to support the verdict of the jury.

But, appellant says that he is not guilty of the crime charged because Nancy Turner, who was in charge of the place of business, gave them permission to take the pistols on the trip to Lake Beulah. We think the contention is not well taken for these reasons: There was a dispute in the testimony as to whether Nancy Turner (who married appellant December 14, 1957) in fact gave appellant permission to take the pistols. Jones testified that no such permission was given and, as will be noticed, appellant in his confession said, "We ask Nancy about taking the guns with us. She said she didn't care." And, as bearing upon the facts, it is shown that neither appellant nor Nancy claimed to the officers that Nancy had given appellant permission to take the pistols. In addition there is no testimony that Nancy gave permission to appellant and Jones to possess and take the pistols when the place of business was closed up. All of the testimony about permission to appellant and Jones to possess and use the pistols has reference to the trip which they made to Lake Beulah—not to such taking and possessing after they returned and when the place of business was closed.

As stated, appellant contends he is not guilty of the crime charged because the act of taking possession of the pistols was considered by appellant and Jones to be a joke or a "prank" played upon the owners. Apparently, the joke or the "prank" was to be of this nature: Jones and appellant would take charge of the pistols and hide them out in a pick-up truck, which was nearby, and the owners would be informed the pistols were gone and then the pistols would be redelivered to the owners. Appellant said they were going to play this joke upon the owners because the owners had played

a "prank" or a joke on him. The appellant never told Conner or Caffey he was trying to play a joke or "prank." Jones' testimony negatives any such idea. Instead of depositing the pistols in a pick-up truck which belonged to the owners of the pistols, the pistols were carried to the farm of a man by the name of Davis, as above stated, and deposited in a vacant house, all of which contradicts appellant's contention about playing a "prank" on the owners. This question of a joke or "prank" was a question of fact for the jury, which the jury, by its verdict, resolved against appellant.

 Appellant objected to certain remarks made by the district attorney in his closing argument to the jury. The court overruled the objection. The only part of such remarks which could have been prejudicial to appellant was this statement: "I asked the defendant on the stand did he not commit a robbery. He said he did." It is in evidence appellant had been formerly convicted of a crime. The record is in confusion as to just what that crime was. This is the testimony on that question given by appellant on cross-examination: "Q. You have been convicted in this same court of the offense of assualt and battery with intent to commit a robbery, have you not? A. Would you mind stating that again, sir? Q. Were you sentenced by Judge Green? A. Yes, sir, I have been sentenced. Q. On a charge or for the offense of assault and battery with the intent to commit a robbery? A. I understood that it was for a disdemeanor, sir. Q. Have you been convicted and the Judge sentenced you on it? A. That's right, yes, sir."

The remark of the district attorney embodied his conclusion from the evidence. Whether correct or incorrect, it certainly was not an arbitrary conclusion. The jurors heard the evidence and could decide whether the conclusion was justified. If the jurors thought the conclusion not justified, reaction favorable to defendant might

naturally have resulted. We see no ground for reversal because of this incident.

Affirmed.

*Hall, Lee, Kyle,* and *Holmes, JJ.,* concur.